961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley Lee VANCE, a/k/a Stanley Lee Wheeler, Defendant-Appellant.
 No. 91-50565.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 28, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley Lee Vance appeals his sentence following his guilty plea to possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erred by imposing a 15-year sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because (1) the ACCA provision governing prior offenses committed on different occasions is impermissibly vague as applied to him; (2) his three prior robberies were committed on the same occasion because they occurred within a short time of one another; and (3) he is not the type of defendant at which the ACCA is directed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Vance's predicate offenses were as follows. He and a companion committed three robberies on August 31, 1978, when Vance was 19 years old. At 10:10 p.m. they robbed two people sitting in a parked car in University City, California. Between 11:15 and 11:30 p.m. they robbed three people walking through a hotel parking lot in Mission Valley, California, and were chased by a security guard. Between 11:15 and midnight they robbed two people in another hotel parking lot approximately 0.3 miles away from the first parking lot. The three offenses were tried together in state court, and Vance received concurrent sentences.
 
 
 4
 We review de novo the district court's interpretation and aplication of the ACCA. United States v. O'Neal, 937 F.2d 1369, 1371 (9th Cir.1990). "[A] person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is subject to a 15-year mandatory minimum sentence. 18 U.S.C. § 924(e)(1) (1988). Crimes committed on the same night are considered to have been "committed on occasions different from one another" if they were committed during "separate and distinct criminal episodes." United States v. Antonie, 953 F.2d 496, 499 (9th Cir.1991) (holding that armed robberies committed 40 minutes apart against different victims in different cities were separate predicate offenses under section 924(e)(1)).
 
 
 5
 A criminal statute is void for vagueness if its provisions are so ambiguous as to grant undue discretion to law enforcement officials. United States v. Sorenson, 914 F.2d 173, 175 (9th Cir.1990) (order granting and denying petitions for rehearing) (upholding constitutionality of 18 U.S.C. § 924(e)(2)(B)(ii), which provides that a prior burglary conviction is a violent felony under section 924(e)(1)), cert. denied, 111 S.Ct. 993 (1991). The mandatory minimum sentencing provision of section 924(e)(1) unambiguously applies to a defendant who is involved in separate criminal episodes in a single night. See Antonie, 953 F.2d at 499. Accordingly, the provision is not impermissibly vague. See Sorenson, 914 F.2d at 175.
 
 
 6
 Vance contends that section 924(e)(1) does not apply to him because he would not be a career offender under section 4B1.2 of the United States Sentencing Guidelines. The provision of another statute is irrelevant. Vance also contends that section 924(e)(1) does not apply to him because the legislative history indicates that the purpose of the ACCA is to punish habitual offenders, see Antonie, 953 F.2d at 499, and he could not have become a habitual offender in one night. If statutory language is clear, resort to legislative history is inappropriate. United States v. Frank, 933 F.2d 1491, 1500 (9th Cir.1991). Accordingly, Vance's contention lacks merit.
 
 
 7
 Vance committed the second and third robberies within a few minutes of one another, and the parking lots were close together. Nonetheless, these robberies were not committed at the same time in the same place; there was an interval between the two crimes. As the district court stated, it is inconceivable that Vance would have stopped to rob the third set of victims if he had not reached a point of safety after being chased by the security guard. Moreover, the first robbery was committed in a different town, and all three robberies involved different victims. Because the three offenses were committed during three separate criminal episodes, the district court did not err by finding that they were separate predicate offenses under section 924(e)(1). See Antonie, 953 F.2d at 499.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3