967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael David POWELL, Defendant-Appellant.
 No. 91-30203.
 United States Court of Appeals, Ninth Circuit.
 Argued May 7, 1992.
Decided June 11, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and LEVI, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Michael David Powell challenges the district court's refusal to sentence him to less than the statutory fifteen year minimum for armed career criminals, and its determination that he had the three convictions required for sentencing under the Armed Career Criminal Act ("ACCA"). We reject his arguments on these issues and affirm the district court.
 
 
 4
 I. Standard of Review.
 
 
 5
 We review de novo the district court's interpretation and application of the ACCA. United States v. O'Neal, 937 F.2d 1369, 1371 (9th Cir.1991). The factual determinations of the district court are reviewed for clear error. 18 U.S.C. § 3742(d).
 
 
 6
 II. Due Process Violation.
 
 
 7
 Powell first asserts that his due process rights were violated because his possession of a firearm was justified, and the failure of the statute to permit consideration of the justification is a denial of due process. This argument fails.
 
 
 8
 Powell argues that his possession of the firearm was justified under United States v. Singleton, 902 F.2d 471 (6th Cir.), cert. denied, 111 S.Ct. 196 (1990), in which the Sixth Circuit recognized that, in extremely limited circumstances, a felon can be justified in possessing a firearm. The Singleton court affirmed the district court's refusal to instruct the jury on the defense of justification because it found that, even if the defendant's possession of the gun were temporarily justified, he "failed to show that he did not maintain possession any longer than absolutely necessary." Id. at 473. Powell has similarly failed to show that he relinquished the firearm as quickly as possible. Powell was in possession of the rifle the day following his initial flight from the officers. Even if it can be argued that he was justified in possessing the rifle when the officers first approached, he was not justified in retaining possession of the gun for an extended period of time.
 
 
 9
 Moreover, the refusal to consider whether his possession of the rifle was justified is not a due process violation. A limitation on the sentencing court's ability to consider some factors possibly relevant to sentencing is not a denial of due process. United States v. Brady, 895 F.2d 538 (9th Cir.1990) (sentencing guidelines not an unconstitutional limitation on the district court's discretion). So long as the sentencing process provides for an individualized determination of sentence, due process requirements are satisfied even though the sentencing court's discretion is limited. Id. at 543-44.
 
 
 10
 II. Three Predicate Violent Felonies.
 
 
 11
 Powell argues that he does not have the prior violent felony convictions required by the ACCA because his prior crimes were committed years ago, should be grouped together, and because he was not given rehabilitative opportunities between the crimes. All of these arguments lack merit.
 
 
 12
 First, there is no basis for disregarding old convictions. By its terms, section 924 of the ACCA includes all violent felonies committed by the defendant without regard to the age of the crimes. The Ninth Circuit recently rejected the argument that there is an implied ten or fifteen year limit on a district court's consideration of prior felony convictions. United States v. Alvarez, No. 90-50298, slip op. 3191, 3203 (9th Cir. Mar. 31, 1992). In the absence of any authority to limit the use of aged convictions under the ACCA, the district court properly considered all of Powell's past convictions.
 
 
 13
 Powell next argues that because most of his crimes were committed over the span of a few days, they should be counted together as one conviction. The Ninth Circuit rejected this argument in United States v. Antonie, 953 F.2d 496 (9th Cir.1991), reversing the district court's failure to count separately the defendant's two armed robbery convictions. The Ninth Circuit held that the robberies, committed within forty minutes of each other on the same night against different victims in different locations, were "separate and distinct criminal episodes." Id. at 499.
 
 
 14
 In light of Antonie, the district court correctly refused to aggregate Powell's armed robberies, committed in different counties on different days. On May 5, 1976, he was sentenced for four counts of aggravated robbery committed over a three day period. On May 10, 1976, he was sentenced on two counts of aiding aggravated robbery. Both robberies were committed during the same period of time as the four aggravated robberies above, but in a different county. On November 20, 1978, he pleaded guilty to second-degree murder. The separate robberies and the murder are the requisite three violent felonies required for sentencing under the ACCA.
 
 
 15
 Powell finally argues that the statute is designed to punish only those recidivists who had the opportunity for rehabilitation between crimes, and that it should not be applied to him because he lacked rehabilitative opportunities between each group of crimes. This argument fails in light of Antonie, in which the court counted separately two crimes committed within forty minutes of each other.
 
 
 16
 III. Fifteen Year Statutory Minimum.
 
 
 17
 Powell asserts that the district court erred when it stated that it had no discretion to give a sentence less than the fifteen years mandated by 18 U.S.C. 924(e)(1). Subsection (e)(1) provides that a felon in possession of a firearm who has three previous convictions for violent felonies or serious drug offenses "shall be ... imprisoned not less than fifteen years." Powell argues that this apparently mandatory language is in fact only advisory, and that the district court retains jurisdiction to depart below the fifteen year minimum. Powell relies on 18 U.S.C. 3553(e), which grants the district court the authority to depart below the statutory minimum if the government moves for a reduction because the defendant has provided substantial assistance to the government in prosecuting or investigating another person. He argues that section 3553(e) gives the district court broad discretion to sentence defendants to less than the statutory minimum.
 
 
 18
 This argument is without merit. As an initial matter, the refusal to depart below the statutory minimum is non-reviewable by this court. United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991). Even if the panel were to reach the merits of Powell's argument, it cannot find that section 3553(e) implies a broad authority to depart from the sentence prescribed by the statute. The district court can depart only when there is a motion from the government. United States v. Valente, No. 91-10256, slip op. 3355, 3359-60 (9th Cir. April 1, 1992). Because the government made no motion for downward departure in the present case, the district court properly refused to depart below the statutorily mandated fifteen year sentence.
 
 
 19
 IV. Asserted Unconstitutional Vagueness of the ACCA.
 
 
 20
 Powell argues that section 924(e) of the ACCA is void for vagueness because is it difficult to determine whether its prohibitions apply in any particular case. The argument has been rejected by this circuit. United States v. Sorenson, 914 F.2d 173, 175 (9th Cir.1990), cert. denied, 111 S.Ct. 993 (1991) (section 924(e)(1) not unconstitutionally vague because it contains specific factors controlling sentence enhancement).
 
 
 21
 AFFIRMED.
 
 
 
 *
 David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3