978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Thomas SUMMERS, Defendant-Appellant.
 No. 92-30075.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 27, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Thomas Summers appeals his sentence imposed following entry of a guilty plea to being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1). Summers contends the district court erred by enhancing his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), based on four burglaries which occurred within a brief period of time. Summers also contends that the sentencing enhancement violated the double jeopardy clause because he had previously served his sentences on the predicate offenses used for enhancement. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Predicate Convictions
 
 
 4
 We review de novo the district court's determination whether predicate convictions were for offenses which occurred too closely in time to be counted separately for sentence enhancement purposes under the ACCA. United States v. Antonie, 953 F.2d 496, 497 (9th Cir.1991), cert. denied, 61 U.S.L.W. 3259 (U.S. Oct. 5, 1992).
 
 
 5
 Under 18 U.S.C. § 924(e), "a federal court is obliged to impose a sentence of fifteen years to life for illegal possession of a firearm by anyone who has three prior convictions for violent felonies...." Antonie, 953 F.2d at 497. The predicate offenses must have been "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Even though application of section 924(e)(1) may produce harsh results, "criminal acts occurring within a brief period of time, which are the subject of the same indictment, are offenses committed on different occasions" for purposes of section 924(e)(1). Antonie, 953 F.2d at 498-99.
 
 
 6
 Here, Summers committed burglaries of four separate recreational cabins. Even if we accept Summers' contention that the burglaries all occurred one right after another on the same day, each burglary was still separate in time and place from the previous one. Accordingly, the district court did not err by finding that each burglary constituted a separate predicate offense for purposes of sentence enhancement under section 924(e)(1). See id. (citing United States v. Tisdale, 921 F.2d 1095, 1099 (10th Cir.1990) (burglaries of two businesses and post office on same evening following single break-in at shopping mall constituted three predicate offenses), cert. denied, 112 S.Ct. 596 (1991); United States v. Washington, 898 F.2d 439, 442 (5th Cir.) (two robberies of same store on same night constituted two separate predicate offenses), cert. denied, 111 S.Ct. 122 (1990); United States v. Schieman, 894 F.2d 909, 913 (7th Cir.) (aggravated battery of police officer immediately following burglary constituted separate predicate offense), cert. denied, 111 S.Ct. 155 (1990); United States v. McClinton, 815 F.2d 1242, 1245 (8th Cir.1987) (three robberies closely clustered in time, involving total of less than $500, and more than twenty years old constituted three separate predicate offenses)).[1]
 
 II
 Double Jeopardy
 
 7
 Summers also contends that application to him of the sentencing enhancement provision of section 924(e)(1) violated the double jeopardy clause because he had completed serving his sentences on the predicate convictions which formed the basis of the enhancement. This contention is without merit.
 
 
 8
 The double jeopardy clause, when applied to a single conviction and sentence, " 'does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' " United States v. Wright, 891 F.2d 209, 212 (9th Cir.1989) (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983)). This holding forecloses the double jeopardy claim of Summers, who, like the defendant in Wright, "is only being punished for one crime ... with the sentence understandably affected by [his] criminal history." See Wright, 891 F.2d at 212.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Summers' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that the four 1982 burglaries are separate predicate offenses for purposes of section 924(e)(1), we need not address Summers' contention that his 1977 burglary conviction was not a felony conviction as required by the ACCA