980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lee HANEY, Defendant-Appellant.
 No. 92-30123.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Haney appeals his sentence under the United States Sentencing Guidelines, following a conditional guilty plea, for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). Haney contends that the district court erred by enhancing his sentence under the Armed Career Criminal Act (ACCA) because (1) his due process rights were violated when his case was referred for federal rather than state prosecution and (2) his three prior convictions were consolidated for sentencing. We have jurisdiction under 28 U.S.C. § 1291. We dismiss in part and affirm in part.
 
 
 3
 * Federal Prosecution
 
 
 4
 Haney, relying on United States v. Williams, 746 F.Supp. 1076 (D.Utah 1990) (due process required neutral policy by which task force would determine which cases to refer for federal prosecution), contends that his due process right were violated because his case was referred for federal rather than state prosecution.
 
 
 5
 "[A] prosecutor's charging decision cannot be judicially reviewed absent a prima facie showing that it rested on an impermissible basis, such as gender or race." United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992), petition for cert. filed, --- U.S.L.W. ----, (U.S. Sept. 30 1992) (No. 92-6112); accord United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992) (rejecting Williams ); United States v. Nance, 962 F.2d 860, 864-65 (9th Cir.1992) (same).
 
 
 6
 Here, Haney does not argue that discrimination based on suspect characteristics played a role in his referral for federal prosecution. Accordingly, we lack jurisdiction to review Haney's claim that the decision to prosecute him in federal court violated his due process rights. See Sitton, 968 F.2d at 953.
 
 II
 Predicate Convictions
 
 7
 We review de novo the district court's interpretation and application of the ACCA. United States v. Potter, 895 F.2d 1231, 1235 (9th Cir.), cert. denied, 110 S.Ct. 3247 (1990).
 
 
 8
 Under 18 U.S.C. § 924(e), "a federal court is obliged to impose a sentence of fifteen years to life for illegal possession of a firearm by anyone who has three prior convictions for violent felonies...." United States v. Antonie, 953 F.2d 496, 497 (9th Cir.1991), cert. denied, 61 U.S.L.W. 3259 (U.S. Oct. 5, 1992). The predicate offenses must have been "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).
 
 
 9
 Here, Haney contends that the district court erred by enhancing his sentence under the ACCA because his three predicate convictions resulted from burglaries which were consolidated for sentencing. We have previously considered this argument and rejected it. See United States v. Wicks, 833 F.2d 192, 193 (9th Cir.1987) (holding that 18 U.S.C.App. 1202(a), the predecessor to section 924(e), "encompasses any person with three predicate convictions, whenever obtained"), cert. denied, 488 U.S. 831 (1988).[1]
 
 
 10
 Accordingly, the district court did not err by finding that each burglary constituted a separate predicate offense for purposes of sentence enhancement under section 924(e)(1). See id.; see also Antoine, 953 F.2d at 498-99.
 
 
 11
 DISMISSED IN PART AND AFFIRMED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Haney urges the panel to reconsider Wicks. We reject his suggestion, however, since a three-judge panel cannot disregard or overrule Ninth Circuit precedent. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992)