988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Christopher Jay MCCORVEY, Defendant-Appellee.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Christopher Jay MCCORVEY, Defendant-Appellant.
 Nos. 92-30145, 92-30160.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1993.
Decided March 3, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CR-91-287-01-OMP, Owen M. Panner, Chief District Judge, Presiding.
 D.Or.
 VACATED AND REMANDED.
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals and Defendant Christopher McCorvey cross-appeals the sentence imposed on McCorvey under the Sentencing Guidelines following his guilty plea to being an ex-felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 On January 10, 1991, Defendant McCorvey arranged for the purchase of a shotgun, which was recovered by police from his residence the following day. On August 21, 1991, he was indicted under 18 U.S.C. § 922(g)(1), which is subject to enhanced penalties pursuant to the Armed Career Criminal Act (18 U.S.C. 924(e)(1)) if the felon has had three previous convictions for violent felonies.[1]
 
 
 4
 McCorvey entered into a plea agreement whereby the Government would recommend that McCorvey be sentenced as an Armed Career Criminal, that the statutory fifteen year minimum sentence was appropriate, and, if the Presentence Report recommended a sentence in excess of fifteen years, that there should be a downward departure to fifteen years. McCorvey was free to argue that he did not qualify for sentencing under the Act.
 
 
 5
 The Presentence Report concluded McCorvey should be sentenced under the Armed Career Criminal Act, citing four predicate convictions:
 
 
 6
 1. Robbery, December 1, 1981, Los Angeles, California;
 
 
 7
 2. Burglary II, April 4, 1986, Portland, Oregon;
 
 
 8
 3. Burglary I, December 8, 1988, Portland, Oregon;
 
 
 9
 4. Burglary I, December 8, 1988, Portland, Oregon.
 
 
 10
 On October 15, 1991, McCorvey pleaded guilty but objected to the conclusion that he was an armed criminal. The district court agreed, finding only two valid predicate convictions: the 1981 Robbery conviction was invalid, the 1986 Burglary II conviction was valid, and the 1988 Burglary I convictions only counted as one conviction because they were related. Because the Armed Career Criminal Act requires three predicate convictions, enhanced sentencing under the Act was not proper. Consequently, McCorvey was only regarded as a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1) and sentenced to a thirty month period of incarceration, which he is presently serving.
 
 
 11
 We affirm the district court's holding that McCorvey's 1986 Burglary II conviction was a predicate felony for the purposes of sentencing enhancement under 18 U.S.C. § 924(e), and reverse the district court's holding that McCorvey's two 1988 Burglary I convictions should be treated as one conviction.
 
 STANDARD OF REVIEW
 
 12
 The proper application of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is a question of statutory interpretation reviewed de novo. United States v. Antonie, 953 F.2d 496, 497 (9th Cir.1991), cert. denied, 113 S.Ct. 138 (1992).
 
 DISCUSSION
 1. THE 1986 BURGLARY II CONVICTION
 
 13
 McCorvey argues that under Oregon's overbroad Burglary statute, his 1986 state Burglary II conviction is not a violent felony for purposes of § 924(e).
 
 
 14
 The Supreme Court has held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Taylor v. United States, 495 U.S. 575, 602 (1990).
 
 A. Generic Burglary
 
 15
 In Taylor, the Supreme Court defined generic burglary as: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 598 (footnote and citations omitted). A state statute of conviction is nongeneric (i.e., overbroad) if it includes places other than buildings, such as automobiles or vending machines. See id. at 599.
 
 
 16
 In United States v. Cunningham, 911 F.2d 361, 362-63 (9th Cir.1990), cert. denied, 111 S.Ct. 1004 (1991), this court held that because Oregon's burglary statute[2] defines the elements of second-degree burglary in virtually identical fashion as Taylor, the defendant's conviction was properly considered for the purpose of § 924(e). Thus, under Cunningham, the Oregon burglary statute fits within the definitional strictures of Taylor.
 
 
 17
 Notwithstanding Cunningham, McCorvey argues that the Oregon statute is impermissibly overbroad under Taylor because Oregon defines "building" to include "any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." See Or.Rev.Stat. § 164.205(1). McCorvey compares this broad definition to certain examples of overbroad definitions set forth in Taylor (e.g., automobiles, vending machines, booths, tents, boats and railroad cars). Taylor, 495 U.S. at 599.
 
 
 18
 We do not agree that the definitions are analogous. Unlike Taylor's examples of overbroad structures, Oregon's structures must be "adapted" for sleeping or business. The difference is significant in light of Congress' intent in singling out burglary for inclusion as a predicate offense (as opposed to other property crimes such as larceny and auto theft).
 
 
 19
 The Supreme Court explained in Taylor that Congress included burglary because of its inherent potential for harm to persons:
 
 
 20
 The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender's own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape.
 
 
 21
 Taylor, 485 U.S. at 588. These precise factors are present where a structure is adapted for sleeping or business.
 
 
 22
 This reasoning is supported by United States v. Sweeten, 933 F.2d 765, 771 (9th Cir.1991), where the Ninth Circuit found that a Texas statute prohibiting burglary of a "habitation" which statutorily included vehicles adapted for overnight accommodations fell within Taylor's generic definition. The Sweeten court held that burglary of such adapted vehicles is "not analogous to the theft of an automobile or to the other property crimes whose relative lack of severity the Taylor Court (and presumably, Congress) meant to exclude from its generic definition. Rather, it is analogous to the burglary of a building or house." Id.
 
 
 23
 In accordance with Cunningham, we conclude that Oregon's definition of "building" is sufficiently restricted by means of its adaptation requirement to fall within the strictures set forth in Taylor. The district court did not err in finding the 1986 Burglary II conviction a valid predicate act for purposes of § 924(e).
 
 B. The Charging Paper
 
 24
 A § 924(e) enhancement is also appropriate if the conviction was based on a guilty plea "to charges that contain all the elements of generic burglary." United States v. O'Neal, 937 F.2d 1369, 1373 (9th Cir.1991) (interpreting Taylor's categorical approach).
 
 
 25
 In the present case, the 1986 Burglary II Indictment stated that McCorvey "unlawfully and knowingly enter[ed] and remain[ed] in a building located at 619 Southeast 122nd, with the intent to commit the crime of theft therein." In its Judgment Order, the state court ordered McCorvey to pay restitution to an individual whose address was also 619 Southeast 122nd.
 
 
 26
 The indictment shows that McCorvey entered a habitation that, at the very least, has been adapted for accommodation of persons (as substantiated by the fact that the victim could be reached by mail at that address). Therefore, the indictment contains all the elements of generic burglary. See generally Sweeten, 933 F.2d at 771 (a vehicle adapted for overnight accommodation of persons falls within the generic definition).
 
 
 27
 The district court did not err in finding the 1986 Burglary II conviction a valid predicate act for purposes of § 924(e).
 
 2. THE TWO 1988 BURGLARY I CONVICTIONS
 
 28
 Under 18 U.S.C. § 924(e)(1), predicate criminal convictions must be committed on "occasions different from one another." In Antonie, this court explained that § 924(e) " 'was intended to reach multiple criminal episodes that were distinct in time, not multiple felony convictions arising out of a single criminal episode.' " 953 F.2d at 498 (quoting United States v. Petty, 828 F.2d 2, 3 (8th Cir.1987), cert. denied, 486 U.S. 1057 (1988) (holding only one offense exists where defendant simultaneously robbed six restaurant customers)). The Antonie court found that two robberies perpetrated the same night, forty minutes apart, were two distinct predicate offenses under § 924(e) because they occurred in a different city, at a different time, were perpetrated against different victims, and were not a part of the same crime spree. Id. at 499.
 
 
 29
 The present case is analogous: the two 1988 burglaries occurred in different places, at different times (two weeks apart), were perpetrated against different people, and were not part of the same crime spree. See also United States v. Wicks, 833 F.2d 192, 193 (9th Cir.1987) (burglaries that occurred on the same night but at different locations are separate convictions), cert. denied, 488 U.S. 831 (1988). We therefore conclude that McCorvey's two 1988 burglaries were separate offenses for purposes of § 924(e).
 
 
 30
 McCorvey states that his Fourteenth Amendment right to equal protection was violated because of the incongruity between U.S.S.G. § 4A1.2(a)(2), which "require[s] a sentencing judge to examine the circumstances of the conviction" in computing the defendant's criminal history, and 18 U.S.C. § 924(e), which "simply look[s] at the mere number of prior convictions when determining whether a person qualifies as a career offender."
 
 
 31
 McCorvey's argument is meritless. The Equal Protection Clause under the Fourteenth Amendment only applies to state, not federal statutes. U.S. Const. amend. XIV ("No state shall ... deny to any person within its jurisdiction the equal protection of the laws." (Emphasis added)). McCorvey's argument also lacks merit even under the Fifth Amendment, which protects against discriminatory federal statutes. See Martin v. Sullivan, 976 F.2d 582, 584 (9th Cir.1992). McCorvey is not a member of a "suspect" or "quasi-suspect" classification requiring heightened scrutiny and, therefore, "the challenged classification need only be rationally related to a legitimate government purpose." Id. Consideration of the number of a defendant's prior convictions is rationally related to Congress' intent to deter recidivism and protect the public from recidivist criminals.
 
 CONCLUSION
 
 32
 We AFFIRM the district court's ruling with regard to the 1986 Burglary II conviction. We REVERSE the district court's ruling with regard to the two 1988 Burglary I convictions, VACATE the sentence imposed, and REMAND for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 924(e)(1) provides, in pertinent part:
 In the case of a person who violates section 922(g) of this title [18 USCS § 922(g)(1) ] for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....
 
 
 [2]
 Or.Rev.Stat. § 164.215(1) provides: "A person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."