9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edgar Moreno GOMEZ, Defendant-Appellant.
 No. 93-50115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edgar Moreno Gomez appeals his 231-month sentence imposed following entry of a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court enhanced Gomez' sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on four prior state convictions for residential burglary. Gomez contends the district court erred by relying on the four prior convictions because they resulted from invalid guilty pleas. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Gomez argues the state courts did not properly advise him of his constitutional rights pursuant to Boykin v. Alabama, 395 U.S. 238 (1969). Specifically, Gomez asserts the state courts' failure to advise him of his rights to assistance of counsel at all stages of trial, to subpoena witnesses, to appeal his conviction, and to inform him of the government's obligation to prove each element of the crime beyond a reasonable doubt rendered his pleas involuntary. We disagree.
 
 
 4
 We review de novo the district court's determination of the voluntariness of a guilty plea, while reviewing for clear error factual findings concerning the prior conviction. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 5
 The ACCA requires Gomez to receive an enhanced sentence if he is convicted for illegal possession of a firearm and has at least three previous convictions for violent felonies. See 18 U.S.C. § 924(e)(1); United States v. Antonie, 953 F.2d 496, 497 (9th Cir.1991), cert. denied, 113 S.Ct. 138 (1992). When the government seeks the inclusion of a prior conviction for enhancement purposes, it must prove the fact of conviction. Newman, 912 F.2d at 1122. The burden then shifts to the defendant to show the prior conviction is constitutionally invalid. Id. The defendant may satisfy his burden either through testimony or by means of an evidentiary hearing. Newman, 912 F.2d at 1122. Fed.R.Crim.P. 11 requirements "are not binding on state courts to the extent they are not grounded in the Constitution." Id. at 1123; accord Wilkins v. Erickson, 505 F.2d 761, 765 (9th Cir.1974) (no requirement that state defendant specifically waive each of his constitutional rights for a valid guilty plea).
 
 
 6
 A conviction is constitutionally invalid if the defendant pleads guilty without waiving his rights to a jury trial, to confront the witnesses against him and to remain silent. Boykin v. Alabama, 395 U.S. 238 (1969). As we have construed the requirements of Boykin, it is not necessary that each waiver be explicit as long as the plea was "voluntary and intelligent." United States v. Pricepaul, 540 F.2d 417, 424 (1976).
 
 
 7
 United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991) (citations omitted).
 
 
 8
 Here, the government introduced four prior California state convictions for residential burglary. Two convictions followed entry of guilty pleas at a single hearing on April 25, 1983. Two other convictions followed entry of guilty pleas in a single hearing on June 29, 1987. At sentencing, Gomez introduced the transcripts of the 1983 and the 1987 proceedings as evidence the four state court convictions were constitutionally invalid. The government introduced a copy of the plea form from Gomez' 1987 convictions. Gomez neither testified regarding the events surrounding the prior convictions nor introduced any other evidence.
 
 A. The 1983 Convictions
 
 9
 The transcript of the April 25, 1983 state plea hearing shows the following: (1) Gomez was represented by counsel; (2) he was advised of and waived his right to a jury trial; (3) he was advised of and waived his right to confront the witnesses against him; and (4) he was advised of and waived his right to remain silent. The transcript also reveals Gomez' counsel explained the right to a jury trial to Gomez when Gomez told him he would rather plead guilty than endure a jury trial.
 
 
 10
 This record clearly demonstrates that the state court advised Gomez of his Boykin rights and, in the absence of any evidence or specific testimony affirmatively supporting Gomez' alleged lack of understanding or waiver of these rights, the district court's finding that Gomez' pleas were knowing and voluntary was not clearly erroneous. See Newman, 912 F.2d at 1124.
 
 B. The 1987 Convictions
 
 11
 The state transcript of the June 29, 1987 plea hearing discloses: (1) Gomez was represented by counsel; (2) he was advised of and waived his right to a jury trial; (3) he was advised of and waived his right to confront his accusers; and (4) he was advised of and waived his right to remain silent. The state transcript further reveals that Gomez acknowledged initialling a two page form entitled "Guilty Plea in the Superior Court" which the government introduced as an exhibit to its brief filed in the district court. The plea form affirmatively shows that Gomez had been advised of his rights to counsel at all stages of proceedings and to subpoena witnesses.
 
 
 12
 In light of this evidence, we hold that district court did not clearly err when it found the convictions to be valid. See Newman, 912 F.2d at 1124;
 
 
 13
 Because the district court properly considered both the 1983 convictions and the 1987 convictions for purposes of enhancing Gomez' sentence under the ACCA, there was no error in sentencing.[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not address Gomez' challenge to his conviction because we do not find the prior convictions constitutionally infirm