19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee DEAN, Defendant-Appellant.
 No. 93-50479.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 11, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Lee Dean appeals his 262-month sentence imposed following a jury trial for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Dean contends the district court erred by determining he was an armed career criminal under the Sentencing Guidelines and the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1), because two of the three prior convictions were not "committed on occasions different from one another." We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's determination whether predicate convictions occurred too closely in time to be counted separately for sentence enhancement purposes under 18 U.S.C. Sec. 924(e)(1). United States v. Antonie, 953 F.2d 496, 497 (9th Cir.1991), cert. denied, 113 U.S. 138 (1992); see also United States v. Maxey, 989 F.2d 303, 305 (9th Cir.1993).
 
 
 4
 Under the Guidelines, anyone subject to an enhanced penalty under 18 U.S.C. Sec. 924(e)(1) is an armed career criminal. U.S.S.G. Sec. 4B1.4(a). The Guidelines provide a base offense level of 34 when an armed career criminal possessed the firearm in connection with a crime of violence or controlled substance offense. U.S.S.G. Sec. 4B1.4(b)(3)(A). Section 924(e)(1) mandates an enhanced sentence when a person is convicted of violating 18 U.S.C. Sec. 922(g)(1) and has three prior convictions for violent felonies.[1] The predicate offenses must have been "committed on occasions different from one another." 18 U.S.C. Sec. 924(e)(1). Even though application of section 924(e)(1) may produce harsh results, "criminal acts occurring within a brief period of time, which are the subject of the same indictment, are offenses committed on different occasions" for purposes of section 924(e)(1). See Antonie, 953 F.2d at 498-99.
 
 
 5
 Here, Dean assaulted two persons within a matter of minutes. First, Dean shot a woman in the neck as they were sitting in his vehicle. When Dean's son, John, returned to the vehicle moments after the shooting, he attempted to transport the woman to a hospital. Enroute, Dean forced John to eject the woman from the car. As the men drove away, Dean threatened to kill John and his family if John told anyone about the shooting. The threat was made approximately one mile from the spot where Dean shot the woman.
 
 
 6
 Because each assault was separate in time and place from the other, each constituted a separate predicate offense for purposes of enhancement under section 924(e)(1). See Antonie, 953 F.2d at 499 (citing United States v. Schieman, 894 F.2d 909 (7th Cir.) (aggravated battery of police officer immediately following burglary constituted separate predicate offense), cert. denied, 498 U.S. 856 (1990)). Accordingly, the district court did not err by determining that Dean was an armed career criminal under the Guidelines. See U.S.S.G. Sec. 4B1.4.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Assault is a violent felony for purposes of 18 U.S.C. Sec. 924(e)(1). See United States v. Kilgore, 7 F.3d 854, 856 (9th Cir.1993)