5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne D. MOFFATT, Defendant-Appellant.
 No. 93-10038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 26, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; No. CR-92-05119-EDP, Edward D. Price, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne D. Moffatt appeals his conviction after a guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Moffatt contends the district court erred by denying his motion to continue the trial date based upon his discomfort with appointed counsel. Moffatt also argues his guilty plea was not knowing and voluntary due to his medical condition. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Continuance
 
 
 4
 Moffatt contends the district court committed reversible error by denying his continuance motion made on the morning of trial. He claims the court failed to make a sufficient inquiry regarding his discomfort with appointed counsel.
 
 
 5
 We review for abuse of discretion a district court's refusal to grant a continuance. United States v. Lewis, 991 F.2d 524, 528 (9th Cir.1993), petition for cert. filed, --- U.S.L.W. ---- (U.S. July 7, 1993) (No. 93-5142).
 
 
 6
 We will not reverse a court's denial of a continuance unless it was "arbitrary and unreasonable." United States v. Tham, 960 F.2d 1391, 1396 (9th Cir.1991). In making this determination, we consider the following factors: "(1) the extent of the defendant's diligence in readying the defense; (2) the likelihood that the continuance would have satisfied the defendant's need; (3) the inconvenience to the court, opposing party, and witnesses; and (4) the extent to which the defendant may have been harmed." Id. Further, the court is not required to grant a continuance in order to accommodate a defendant's strategic choices. Id.
 
 
 7
 On the morning of trial, prior to selection of the jury, Moffatt informed the district court that he was unfamiliar with federal court, that his illness in the county jail had prevented him from using the law library, and that he was uncomfortable with his appointed counsel. Moffatt stated that his counsel allegedly believed Moffatt did not have a triable case.
 
 
 8
 The district court addressed each of Moffatt's concerns. The court informed Moffatt that he was going to trial for charges pending against him. Moffatt indicated he understood. The court also indicated that it was unnecessary for Moffatt to use the law library because his appointed counsel was representing him. The court noted that counsel had filed pretrial motions and received discovery. The court further stated that no one charged with a federal crime felt absolutely comfortable. In response, Moffatt stated "[w]ell, as of now, I kind of feel like a lamb being led to the slaughter, and I don't, you know like that feeling." Finally, the court stated it was unable to put Moffatt at ease but his counsel would have the opportunity to subpoena and cross-examine witnesses.
 
 
 9
 The court construed Moffatt's statements as a motion for continuance of the case and denied it. There is no error. Moffatt merely asserted in broad terms that he was uncomfortable with his appointed counsel and the proceedings but failed to identify any actual harm. Under these circumstances, the district court did not abuse its discretion by denying a continuance of the trial date. See Lewis, 991 F.2d at 529; Tham, 960 F.2d at 1397.
 
 II
 Voluntariness of Plea
 
 10
 Moffatt argues his guilty plea was not knowing and voluntary based upon his medical condition and discomfort with appointed counsel.
 
 
 11
 We review de novo the district court's determination that a plea was voluntary. United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 12
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969). The accused must be aware of the nature and elements of the charges against him, the constitutional right he is waiving by pleading guilty, and the possible punishment he faces. Id. at 242-43. In assessing the voluntariness of a guilty plea, "solemn declarations" made by a defendant in open court contemporaneously with his plea carry a strong presumption of verity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986).
 
 
 13
 At the plea hearing, Moffatt was represented by counsel. Defense counsel informed the court of a plea agreement and Moffatt's desire to be sentenced within four weeks due to medical problems. The district court then engaged Moffatt in a lengthy colloquy. The plea discussion covered his competency, provisions of the plea agreement, the offense, the maximum possible penalty, his constitutional rights and the factual basis for the offense. Moffatt answered that he understood the plea agreement and the waiver of his constitutional rights.
 
 
 14
 On the basis of the record, we hold that Moffatt's guilty plea was knowingly and voluntarily made. See Navarro-Botello, 912 F.2d at 321.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3