**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricky Dewayne LEWIS, Defendant–
Appellant.**

**No. 92–50384.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 1993.

Decided April 9, 1993.

As Amended June 16, 1993.

Myra Sun, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

John Wiley, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Ricky Dewayne Lewis appeals his mandatory minimum 180–month sentence imposed pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1988). Lewis contends that he should not be designated an armed career criminal. Lewis also argues that the district court erroneously held that his prior felony convictions were constitutionally valid, and that the district court erred in refusing to grant a continuance. We have jurisdiction under 28 U.S.C. § 1291 (1988) and 18 U.S.C. § 3742 (1988), and we affirm.

A. Armed Career Criminal Status

Lewis contends he lacks the three prior felony convictions necessary to qualify him as an armed career criminal under 18 U.S.C. § 924(e). He argues that his prior California convictions in Case No. A199844 for three counts of robbery, two counts of assault with intent to commit rape, and one count of rape should be considered just one prior conviction because these convictions were entered on one date and resulted in one sentence.

Lewis's argument is foreclosed by our holding in *United States v. Arnold*, 981 F.2d 1121 (9th Cir.1992). In *Arnold*, we held that for the purposes of armed career criminal sentence enhancement, our decision in *United States v. Antonie*, 953 F.2d 496 (9th Cir.1991), *cert. denied*, — U.S. ——, 113 S.Ct. 138, 121 L.Ed.2d 91 (1992),

remains controlling.[1] *Arnold,* 981 F.2d at 1122. *Antonie* permits prior felony convictions which are "separate and distinct criminal episodes" to be used for sentence enhancement. *Antonie,* 953 F.2d at 498–99; *see United States v. Tisdale,* 921 F.2d 1095, 1099 (10th Cir.1990) (burglary of businesses in same shopping mall on same evening), *cert. denied,* —— U.S. ——, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991); *United States v. Washington,* 898 F.2d 439, 442 (5th Cir.) (robbing same convenience store clerk a few hours apart on same evening), *cert. denied,* 498 U.S. 842, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990).

Lewis's California convictions in Case No. A199844 were for crimes committed on three separate days and against three separate victims. These convictions clearly fall within the pattern of separate and distinct predicate convictions under *Arnold* and *Antonie.*

Lewis's argument that the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4 requires us to count these convictions as one offense is misplaced. Lewis's sentence was imposed according to the statutory minimum 180 months required by 18 U.S.C. § 924(e). *See* U.S.S.G. § 5G1.1.

**B. Lewis's Competence to Plead Guilty in 1982**

■ Lewis next contends that the district court erred in determining that his prior California state convictions, which resulted from his guilty pleas, were constitutionally valid. Citing our holding in *Chavez v. United States,* 656 F.2d 512 (9th Cir.1981), he argues that he was not competent to enter his guilty pleas and waive his right to go to trial because he did not have "the ability to make a reasoned choice among the alternatives presented and to understand the nature and consequences of the waiver." *Id.* at 518.[2]

**1. Collateral Attack**

■ We have held under the original version of the Armed Career Criminal Act, 18 U.S.C.App. § 1202(a) (1982 Ed.) (repealed), that a defendant must be permitted to collaterally attack prior convictions which are relied upon for sentencing. *United States v. Clawson,* 831 F.2d 909, 914 (9th Cir. 1987), *cert. denied,* 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 323 (1988). The repealed Armed Career Criminal Act is *in pari materia* with 18 U.S.C. § 924(e), the current Armed Career Criminal Act under which Lewis was sentenced. Consistent with *Clawson,* Lewis was entitled to collaterally attack his prior convictions.

We recently addressed the issue of collateral attack on prior convictions in *United States v. Vea–Gonzales,* 986 F.2d 321, 325– 29 (9th Cir. Feb. 22, 1993). In *Vea–Gonzales,* the defendant moved for a hearing to challenge the validity of a prior conviction. The district court denied the motion, holding that under U.S.S.G. § 4A1.2, comment. (n. 6) and comment. (backg'd) (Nov. 1990), the court had discretion to bar collateral attacks on convictions used to enhance a defendant's sentence. We reversed, holding that when a prior conviction is being used against a defendant at sentencing, the Constitution requires that the defendant be permitted to attack the validity of the conviction. *Id.* 986 F.2d at 327–28.

Here, unlike *Vea–Gonzales,* the district court permitted Lewis the opportunity to

---

1. We decline to "reexamine" *Antonie* as urged by Lewis because a panel not sitting en banc may not overturn Ninth Circuit precedent. Fed. R.App.P. 35; *Nichols v. McCormick,* 929 F.2d 507, 510 n. 5 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1226, 117 L.Ed.2d 461 (1992).

2. The district court characterized Lewis's argument as a *Boykin* challenge to the voluntariness of his pleas. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *In re Tahl,* 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 (1969), *cert. denied,* 398 U.S. 911, 90 S.Ct. 1708, 26 L.Ed.2d 72 (1970). Lewis's argument, however, challenges his mental capacity to waive his right to trial under the standards set forth in *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); and *Chavez v. United States,* 656 F.2d 512 (9th Cir. 1981). The district court's characterization is not controlling. We may affirm a correct decision of a district court in a criminal proceeding, even though the decision is based upon an inappropriate ground. *United States v. Click,* 807 F.2d 847, 850 n. 5 (9th Cir.1987).

challenge his 1982 convictions even though the court denied his motion for a continuance to offer additional evidence to support this challenge.[3] The question before us, therefore, is whether the district court erred in relying upon Lewis's 1982 California convictions in the face of his challenge to his competency to enter the guilty pleas which resulted in those convictions.

### 2. Test for Competence to Plead Guilty

The test for whether a defendant is competent to plead guilty is whether "mental illness has substantially impaired his or her ability to make a reasoned choice among the alternatives presented and to understand the nature and consequences of the waiver." *Chavez v. United States,* 656 F.2d 512, 518 (9th Cir.1981), citing *United States v. Moore,* 599 F.2d 310 (9th Cir. 1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980). A court reviewing a record for evidence of a defendant's competence in a prior proceeding must determine "whether evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." *Chavez,* 656 F.2d at 516, citing *Bassett v. McCarthy,* 549 F.2d 616, 621 (9th Cir.), *cert. denied,* 434 U.S. 849, 98 S.Ct. 158, 54 L.Ed.2d 117 (1977). If the judge should have had such a genuine doubt, due process requires the court on its own motion to hold a hearing and inquire into the defendant's competence to plead guilty. *Chavez,* 656 F.2d at 515, citing *Sailer v. Gunn,* 548 F.2d 271, 275 (9th Cir.1977).

The issue before the district court was not whether Lewis was in fact incompetent to plead guilty in 1982, but whether the California judges who accepted his guilty pleas had evidence before them which should reasonably have caused them to doubt Lewis's competence. If so, their failure to hold a competency hearing violated due process. *Drope v. Missouri,* 420 U.S.

162, 174–175, 95 S.Ct. 896, 904–05, 43 L.Ed.2d 103 (1975); *Chavez,* 656 F.2d at 515–518.

A good faith doubt about a defendant's competence arises if there is substantial evidence of incompetence. *Chavez,* 656 F.2d at 517.[4] There are no particular facts which invariably signal incompetence, but important factors which merit a judge's attention include: irrational behavior, demeanor before the trial court, and available medical evaluations. *Drope,* 420 U.S. at 180, 95 S.Ct. at 908.

Lewis presented to the district court a 1991 psychological evaluation as evidence of his incompetence when he entered his 1982 guilty pleas. It was the opinion of the psychiatrist who prepared this report that due to his borderline mental handicap, Lewis did not understand the concepts embodied in a waiver of his rights in 1982. The 1991 report was obviously not before the California judges who accepted Lewis's 1982 guilty pleas.

In a challenge to a conviction under *Drope* and *Chavez,* we consider only what was before the judges who accepted the pleas. *Chavez,* 656 F.2d at 515–516. Therefore, the 1991 psychological evaluation is not relevant as to whether Lewis's 1982 guilty pleas are valid.

The only evidence which Lewis contends shows his incompetence at the time he entered his guilty pleas in 1982 is the transcripts of his change-of-plea hearings. He argues that the colloquy between him and the court in Case No. A368859 is evidence that he was incompetent. In that case, he stated: "I couldn't prove I didn't do it because I had to do something," and "[i]f I could have proved it, I wouldn't have took this time." Lewis argues that these remarks indicate he did not understand that the government bore the burden of proof. He contends this evidence, when

3. We discuss in following part C the district court's denial of Lewis's request for a continuance.

4. The terms "genuine doubt," "reasonable doubt," and "good faith doubt" all describe the same constitutional standard. *Chavez,* 656 F.2d at 516 n. 1.

coupled with the significant deficits in his intellectual performance as detailed in the 1991 psychological evaluation, should have caused the California judges to question his competence to waive his rights.

We reject this argument. We have previously stated the 1991 report was not before the California judges in 1982. Lewis's diminished intellectual capacity no doubt existed in 1982, but he has made no showing that this was brought to the attention of the California judges. His comments about what he could not prove do not suggest he was incompetent to plead guilty. He has pointed to nothing else.

Lewis does not suggest his behavior was irrational. *See Drope,* 420 U.S. at 180, 95 S.Ct. at 908; *compare Chavez,* 656 F.2d at 519 (defendant fired attorneys, had emotional outbursts, and did not attempt to plea bargain). Nor has he presented any evidence of his demeanor which would have alerted the California judges to the possibility that he was not competent. *See Drope,* 420 U.S. at 180, 95 S.Ct. at 908. To the contrary, the transcript of Lewis's change-of-plea hearing in Case No. A368859 shows him to be alert, unafraid to address the court, and able to use somewhat technical legal terms appropriately (*i.e.,* "[The charges will] be dismissed?", "How do I get bail exonerated?", "Why didn't you give me a concurrent sentence?").[5] *Compare Chavez,* 656 F.2d at 519 (defendant forcibly removed from court after emotional outburst).

■ With regard to Lewis's guilty plea in Case No. A199844, he contends his incompetence should have been signalled to the court when in response to the court's inquiry whether the facts of the case had been discussed with him, his attorney, rather than Lewis, answered "I told him." We

disagree. The comment by Lewis's defense counsel does not reflect on Lewis's competence. Moreover, Lewis answered all other questions directed to him without any apparent hesitation or lack of comprehension.

In his two change-of-plea hearings before the California courts, Lewis was represented by two different public defenders. Neither suggested he was not competent to plead guilty. His defense counsels' silence on this subject during the California court hearings is some evidence that he showed no signs of incompetence at that time. "We deem significant the fact that the trial judge, government counsel, and [defendant's] own attorney did not perceive a reasonable cause to believe [defendant] was incompetent." *Hernandez v. Ylst,* 930 F.2d 714, 718 (9th Cir.1991); *cf. Drope,* 420 U.S. at 164–65, 95 S.Ct. at 900–01 (trial counsel moved for continuance for psychological evaluation); *Pate,* 383 U.S. at 376, 86 S.Ct. at 837 (counsel raised issue of competence at trial). "[O]ne cannot fault a trial judge for failing to determine a question that he has no reason to believe is in issue." *United States v. Day,* 949 F.2d 973, 982 n. 10 (8th Cir.1991) (citations omitted).

We conclude that the district court did not err in determining that Lewis's 1982 guilty pleas are constitutionally valid.

**C. Denial of Continuance**

■ We review a district court's refusal to grant a continuance for abuse of discretion. *United States v. Gonzalez–Sandoval,* 894 F.2d 1043 (9th Cir.1990). To reverse a trial court's denial of a continuance, an appellant must show that the denial prejudiced his defense. *Id.* at 1051, citing *United States v. Long,* 706 F.2d 1044, 1053 (9th Cir.1983). The appellant must also establish the substance of the witness testimony he could have obtained with more time. *Id.,* citing *United States v. Sterling,* 742 F.2d 521, 527 (9th Cir.1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2322, 85 L.Ed.2d 840 (1985).

---

**5.** Lewis also stated he wanted to accept a plea bargain offer; he informed the court that the judge in Torrance had told him his sentence would be "no more than ten"; he asked for clarification of the sex offender registration requirements; he was able to follow a spontaneous discussion between the court and counsel about whether a noncitizen could give a valid guilty plea, asserting, "I am a citizen."

Lewis wanted to contact the defense lawyers who represented him when he entered his California guilty pleas. He said he needed a continuance of the sentencing hearing so that he could find out what they remembered about his competence back in 1982.

The court did not err in denying Lewis's motion for a continuance. He made no showing of what he expected his former defense counsel to say. He asserted only in broad terms that he hoped they could "shed some light" on his ten-year-old guilty pleas. This was an insufficient showing of what evidence Lewis expected to produce if the continuance were granted.

AFFIRMED.