48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carl Vernon DUMLER, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 94-35569.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Vernon Dumler, an Oregon state prisoner, appeals the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for murder and burglary. Dumler contends that the state trial court denied him due process by failing sua sponte to order a competency hearing. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 We review the denial of a habeas petition de novo. Cacoperdo v. Demosthenes, 37 F.3d 504, 506 (9th Cir.1994). "[T]he conviction of a defendant while legally incompetent violates due process." Id. at 510. A defendant is competent to stand trial if he "has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.' " Godinez v. Moran, 113 S.Ct. 2680, 2685 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam)). Due process requires the trial court sua sponte to conduct a competency hearing if substantial evidence creates a good faith doubt as to the defendant's competency. Cacoperdo, 37 F.3d at 510. "There are no particular facts which invariably signal incompetence, but important factors which merit a judge's attention include: irrational behavior, demeanor before the trial court, and available medical evaluations." United States v. Lewis, 991 F.2d 524, 527 (9th Cir.) (citing Drope v. Missouri, 420 U.S. 162, 180 (1975)), cert. denied, 114 S.Ct. 216 (1993).
 
 
 4
 Dumler contends that the following facts created a good faith doubt as to his competency to stand trial in April 1987: (1) he had shot himself in the head during a suicide attempt in June 1985; (2) as a result of the suicide attempt, he had communication difficulties; and (3) he had suffered a seizure while in jail awaiting trial. Dumler presented the following exhibits in support of his competency claim: (1) post-trial prison school progress reports from September 1987 to May 1988, (2) an October 1987 counseling report, (3) notes Dumler gave defense counsel in March 1987, and (4) a newspaper article about the seizure. As the district court found, these exhibits are not persuasive. The counseling report indicates that Dumler was receiving weekly counseling and "accepted confrontation and feedback appropriately." The school reports indicate that Dumler was receiving speech therapy and reading and writing instruction. The pretrial notes also show language skill impairment, but indicate that Dumler was able to communicate with counsel about possible defenses. Moreover, the trial court did not have access to the above exhibits. Dumler's seizure occurred pretrial, but as the district court noted, seizures are different from mental illness.
 
 
 5
 At trial, Dr. Norwyn Newby, the neurosurgeon who treated Dumler after he shot himself, testified that the gunshot wound affected the part of the brain that controls movement and speech, but not the part that controls understanding. Regarding Dumler's longterm prognosis, Dr. Newby testified, "I suspect he would have some residual weakness on the right side and some residual speech difficulties, fluency, being able to speak smoothly." Diane Cofer-Schafer, who had known Dumler for over three years, testified that after his suicide attempt, Dumler had difficulty speaking and using his hands, and "mental problems, difficulty coping with life in general." She also testified about several conversations she had had with him. Other witnesses, including Dumler's estranged wife Joyce Keebler, Keebler's brother Keith Franklin, and Dumler's friends Norma Hills and Laura Wotta, also testified that although Dumler had difficulty communicating, he was rational and able to carry on an intelligent conversation. Similarly, at a pretrial suppression hearing, police officers testified that Dumler's speech was slow, but he did not appear to have difficulty with mental processes.
 
 
 6
 This record does not indicate that Dumler lacked rational understanding of the criminal proceedings. See Godinez, 113 S.Ct. at 2685. The evidence before the trial court, including Dr. Newby's medical evaluation and other witnesses' testimony, showed Dumler's speech impairment, but also his apparently intact mental processes, and did not signal incompetence. See Lewis, 991 F.2d at 527. We affirm the district court's determination that the trial court did not deny Dumler due process by failing sua sponte to order a competency hearing. See Cacoperdo, 37 F.3d at 510.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3