77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. HUMMASTI, Defendant-Appellant.
 No. 95-35319.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner John M. Hummasti appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed after his jury conviction for attempted bank robbery, in violation of 18 U.S.C. § 2113(a). Hummasti contends that the trial court erred by not sua sponte ordering a mental competency hearing prior to imposing Hummasti's sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 "The general rule is that whenever there is a good faith doubt as to a defendant's competency a hearing is required." Smith v. Ylst, 826 F.2d 872, 876 (9th Cir.1987), cert. denied, 488 U.S. 829 (1988). "A defendant is competent if 'he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him.' " Blazak v. Ricketts, 1 F.3d 891, 894 (9th Cir.1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)), cert. denied, 114 S.Ct. 1866 (1994). Doubt as to a defendant's competency exists when there is "substantial evidence" of incompetence. United States v. Lewis, 991 F.2d 524, 527 (9th Cir.) cert. denied, 114 S.Ct. 216 (1993). Such evidence can include a history of previous irrational behavior, a defendant's demeanor before the trial court, and available medical evaluations. Drope v. Missouri, 420 U.S. 162, 180 (1975); Lewis, 991 F.2d at 527.
 
 
 4
 Here, after his conviction, Hummasti requested a mental examination which the court granted pursuant to 18 U.S.C. § 4244(b). Hummasti then refused to participate in the evaluation which was attempted over the course of thirty days at the Medical Facility of Federal Prisoners. The report submitted to the court by the Facility's psychiatrist noted that Hummasti was angry and uncooperative with a maladaptive personality but concluded that his behavior did not indicate any mental disease or defect and that he did not require inpatient psychiatric treatment. The report also contained past records from the Oregon State Department of Corrections which showed that Hummasti had been in therapy, but that there was no indication of prior diagnoses of mental disease or defect.
 
 
 5
 In addition to relying on the submitted reports, the trial court also relied on its own observations of Hummasti during the trial in which Hummasti, representing himself, made numerous motions, selected a jury, cross-examined witnesses and made opening statements and closing arguments. The district court noted that Hummasti had been given the opportunity during trial to present evidence and make arguments relating to his mental condition. Hummasti failed to present any evidence regarding any alleged incompetence but rather urged the court to proceed with the trial.
 
 
 6
 Given the record, we find no error in the district court's determination that Hummasti had the ability to consult with the lawyer that was appointed to assist him, and that he had a rational and factual understanding of the nature of the proceedings. See Blazak, 1 F.3d at 894.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Hummasti's request for judicial notice and his motion to strike the government's answering brief