129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
lyde Ray SPENCER, Plaintiff-Appellant,
v.
Joseph KLAUSER, Christine O. Gregoire, Defendants-Appellees.
 No. 96-36139.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1997.
Decided Oct. 30, 1997.
 
 Appeal from the United States District Court for the Western District of Washington. Robert J. Bryan, District Judge, Presiding.
 Before: WRIGHT, FERGUSON, TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In 1985, Clyde Ray Spencer pled guilty to seven counts of Statutory Rape in the First Degree and four counts of Complicity to Statutory Rape in the First Degree. Spencer received two consecutive sentences of life imprisonment and nine concurrent 171-month sentences. In 1994, Spencer filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which was denied. He then appealed and another panel reversed in part and remanded for an evidentiary hearing to determine: 1) whether the prosecution had withheld material evidence, and 2) whether Spencer had been competent to plead guilty. On remand, the district court held that no material evidence had been withheld and that Spencer had been competent to plead guilty. Spencer now appeals from the district court on these two issues. We affirm.
 
 
 3
 We review a district court's decision to grant or deny a § 2254 habeas petition de novo. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.1996); Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995); Riley v. Deeds, 56 F.3d 1117, 1119 (9th Cir.1995).
 
 
 4
 Spencer has failed to show that the evidence withheld at his trial was material to his defense. There is no reasonable probability that production of the medical reports of these two victims would have caused Spencer to choose to go to trial rather than to plead guilty. See Brady v. Maryland, 373 U.S. 83, 87 (1963); Sanchez v. United States, 50 F.3d 1448, 1454 (9th Cir.1995).
 
 
 5
 In Sanchez, we stated: "[t]he test for whether the defendant would have chosen to go to trial is an objective one that centers on 'the likely persuasiveness of the withheld information.' " Sanchez, 50 F.3d at 1454 (quoting Miller v. Angliker, 848 F.2d 1312, 1322 (2nd Cir.1988)). Expert testimony regarding the flaws and limited exculpatory value of the medical reports demonstrated that the withheld information would not have been persuasive at trial. Spencer's subjective claim that he would have gone to trial had he been apprised of the medical reports fails to establish materiality under Sanchez.
 
 
 6
 Spencer has established that at the time of his guilty plea he suffered from severe depression and was taking a variety of prescription medications, each of which can have negative side-effects. However, Spencer has not presented substantial evidence of his incompetence. United States v. Lewis, 991 F.2d 524 (9th Cir.1993). For the reasons stated above, WE AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3