UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose GARCIA–ARAIZA, aka Fernando Velasquez–Camarillo aka Jose Garcia–Ariaza aka Jose Parisa Juarez,
Defendant–Appellant.

No. 99–10564.
D.C. No. CR–98–00348–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 21, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

MEMORANDUM[2]

Jose Garcia–Araiza appeals his 100–month sentence imposed following conviction after a jury trial to a single count of being found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm but remand with instructions to correct the judgment.

Garcia–Araiza contends that the district court erred by denying his request for a continuance of the sentencing hearing to enable him to obtain a psychologist to testify concerning his diminished mental capacity. We review for abuse of discretion, *United States v. Lewis*, 991 F.2d 524, 528 (9th Cir.1993), and disagree.

The pre-sentence report indicated that a downward departure for diminished capacity would not be appropriate given his voluntary drug use. However, the pre-sentence report stated that diminished capacity could be a mitigating factor warranting a sentence at the low end of the applicable Guidelines range. *See* U.S.S.G. § 5K2.13. At the sentencing hearing, Garcia–Araiza did not object to the pre-sentence report and conceded that a departure for diminished capacity would be inappropriate. Moreover, he was sentenced at the low end of the applicable range, as he requested. Because Garcia–Araiza cannot show prejudice to his position regarding sentencing, he cannot establish that the district court abused its discretion. *Lewis*, 991 F.2d at 528 (holding that the appellant must show the denial prejudiced his defense).

We note that, in addition to § 1326(a), the district court's judgment references 8 U.S.C. § 1326(b)(2), which does not define a separate crime. *Almendarez–Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Alviso*, 152 F.3d 1195, 1199 (9th Cir.1998). We therefore, AFFIRM the

---

sentence, but REMAND with instructions to correct the written judgment by striking the reference to § 1326(b)(2) so that the judgment will unambiguously reflect that Garcia–Araiza was convicted of only one punishable offense pursuant to § 1326(a). 28 U.S.C. § 2106; *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1063 (9th Cir.2000).[3]

---

**3.** All pending motions are denied.

