**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Roberto NAVARRO–FLETES,
Defendant—Appellant.**

No. 01–30247.

D.C. No. CR–00–00167–RHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2002.

Decided Oct. 24, 2002.

Before FERGUSON, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Appellant Roberto Navarro–Fletes was convicted and sentenced for being an alien found in the United States after deportation in violation of 8 U.S.C. § 1326, and he appeals on numerous grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Navarro–Fletes claims that the district court erred by failing to order competency hearings at trial and sentencing sua sponte. The district judge must hold a competency hearing if "the evidence before him raises a bona fide doubt about [Navarro–Fletes'] competence to stand trial, even if defense counsel does not ask for one." *Odle v. Woodford*, 238 F.3d 1084, 1087 (9th Cir.2001). A bona fide doubt exists where there is "substantial evidence" of the defendant's incompetence. *United States v. Lewis*, 991 F.2d 524, 527 (9th Cir.1993).

■ The evidence here did not raise such a bona fide doubt. Navarro–Fletes' treatment for psychiatric problems was brief and years ago, and his most recent hallucinations and manic depression predated the trial by half a year. He effectively communicated with his attorney at both trial and sentencing, and any uncertainty he expressed appears to have been based upon the complexity of his case rather than a failure of rational thought. We note that Navarro–Fletes' 18–day hunger strike preceding his sentencing might have raised caution flags, but in light of all of the other evidence of competency before the district court this does not rise to the level of "substantial evidence" of incompetence.

Navarro–Fletes also claims that he received ineffective assistance of counsel at sentencing. Claims of ineffective assistance of counsel are generally inappropriate on direct appeal. *Hoffman v. Arave*, 236 F.3d 523, 530 n. 7 (9th Cir.2001). Because Navarro–Fletes has demonstrated neither that "the record on appeal is sufficiently developed to permit review and determination of the issue" nor that his "legal representation is so inadequate that it obviously denies [Navarro–Fletes] his Sixth Amendment right to counsel," we decline to address this issue. *See United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992).

■ Navarro–Fletes argued in his briefs but not at oral argument that fingerprint evidence does not satisfy the *Daubert* standard for the admission of scientific evidence, particularly because of its lack of acceptance in a scientific community. We disagree. The district court properly considered the *Daubert* factors, finding that fingerprint identification has been subject to peer review, there are publications in the field as well as standards governing fingerprint identification and, given that no two people have the same prints, fingerprint identifications are sufficiently reliable. The court identified the relevant community for *Daubert* purposes as in-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cluding the FBI, the Washington State Patrol and other states. Because the *Daubert* test is to be flexibly applied to technical and specialized knowledge, *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150–51, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), the district court did not err in admitting the fingerprint testimony.

The district court did not abuse its discretion in finding that the fingerprint expert who made the identification in this case was qualified to testify at trial. The federal rules require that a testifying expert be "qualified as an expert by knowledge, skill, experience, training, or education." Fed.R.Evid. 702; *see also* advisory committee's note ("In certain fields experience is the predominant, if not sole, basis for a great deal of reliable expert testimony."). Here, the fingerprint expert's 12 years of experience identifying "thousands" of prints, coupled with her initial training and subsequent reviews, qualified her to testify.

Finally, Navarro–Fletes argues that his questioning by INS Special Agent Vimont violated his Fourth Amendment rights because Vimont "stopped" Navarro–Fletes in jail without probable cause. It appears that Navarro–Fletes may have waived this argument by failing to bring a timely suppression motion, *see United States v. Wright*, 215 F.3d 1020, 1026–27 (9th Cir.2000), but in any event he has not established a Fourth Amendment violation. Navarro–Fletes concedes that he was already in custody when Vimont questioned him, and he has not provided any support for the proposition that such questioning constitutes a "stop" or "seizure" for Fourth Amendment purposes. He has not established that he had a reasonable ex-

pectation of privacy in jail, nor likely could he. *See United States v. Van Poyck*, 77 F.3d 285, 291 & n. 10 (9th Cir.1996). Accordingly, the district court's judgment is **AFFIRMED.**

 **AFFIRMED.**