**Dwayne PIERCE, aka Kevin Burton, Petitioner–Appellant,**

v.

**Steven J. CAMBRA, Jr., Warden, Respondent–Appellee.**

No. 02–57077.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 20, 2003.

Sharon Fleming, Esq., Sharon Fleming Law Offices, Ben Lamond, CA, for Petitioner–Appellant.

Deborah J. Chuang, Ana R. Duarte, Esq., AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondent-Appellee.

Before: PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Dwayne Pierce appeals the district court's denial of his petition for habeas corpus, which was based upon his claim that the state court both denied him procedural due process at trial and improperly later determined that he was, in fact, competent. We affirm.

If there had been a bona fide doubt as to Pierce's competency which arose during trial, the trial court was obligated, as a matter of procedural due process, to inquire into his competence to stand trial. *See United States v. Loyola–Dominguez,* 125 F.3d 1315, 1318 (9th Cir.1997); *Amaya–Ruiz v. Stewart,* 121 F.3d 486, 489 (9th Cir.1997); *United States v. Lewis,* 991 F.2d 524, 527 (9th Cir.1993); *Hernandez v. Ylst,* 930 F.2d 714, 716 (9th Cir.1991). However, as the state courts determined, on the facts of this case no bona fide doubt actually arose at that time.

Nor can we say that the state courts erred when, following a post-trial proceeding, they determined that Pierce was not, in fact, incompetent and was able to participate as required by the United States Constitution, despite his various intention-

---

al manipulations and acting out. *See Cooper v. Oklahoma*, 517 U.S. 348, 354, 356, 116 S.Ct. 1373, 1376–77, 134 L.Ed.2d 498 (1996); *Drope v. Missouri*, 420 U.S. 162, 171–72, 95 S.Ct. 896, 903–04, 43 L.Ed.2d 103 (1975).

AFFIRMED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.