**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LON MARTIN, | No. 10-35974 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-05344-RJB |
| v. | |
| KENNETH QUINN, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 7, 2011
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges, and MOSKOWITZ, District
Judge.[**]

Lon Martin appeals the district court's denial of his 28 U.S.C. § 2254 habeas

corpus petition challenging his jury conviction and 398-month sentence for first-

degree murder. Martin challenges the district court's denial and also argues that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barry T. Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

the district court erred by failing to grant his request to expand the record and for an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of Martin's petition for habeas corpus and review findings of fact for clear error. Brown v. Ornoski, 503 F.3d 1006, 1010 (9th Cir. 2007). Because Martin filed his federal habeas petition after 1996, the AEDPA governs his action. Id.; see also 28 U.S.C. § 2254(d). Our analysis under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

Martin argues that his Fourteenth Amendment right to due process of law was denied when the trial court failed, on its own initiative, to order a competency hearing. Nothing in the record before the state trial court would have given that court reason to doubt Martin's competency. Notably, neither government counsel nor Martin's counsel perceived a reasonable cause to believe that Martin was incompetent. United States v. Lewis, 991 F.2d 524, 528 (9th Cir. 1993). Consequently, the state appellate court's ruling was not contrary to or an unreasonable application of clearly established federal law, nor did it constitute an unreasonable determination of the facts in light of the record.

2

Martin raises three claims alleging that his trial counsel, Michael Henegen, rendered ineffective assistance by failing to investigate Martin's mental illness or request a competency evaluation at various points before and during trial. Because Martin did not raise the "failure to investigate" portions of these claim in the state court, they are procedurally barred by Wash. Rev. Code § 10.73.140, Washington's prohibition against the filing of successive collateral attacks. We consider only the portions of his claims relating to his trial counsel's failure to request a competency evaluation.

Martin argues that Henegen rendered ineffective assistance by failing to request a competency evaluation. Henegen hired an investigator to help with all aspects of the case (including Martin's mental health), obtained Martin's psychiatric reports, had several discussions with Martin regarding his mental health, and had discussions with Martin's family regarding Martin's mental health. Under the standard set forth in Strickland v. Washington, 466 U.S. 668, 691 (1984), defense counsel is empowered to make strategic decisions. It was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts for the state appellate court to conclude that, while it might have been prudent for Henegen to request a competency evaluation, he did not render ineffective assistance by failing to do so.

Martin also claims that Henegen rendered ineffective assistance by failing to adequately present expert mental health testimony at the pretrial hearings regarding the admissibility of Martin's confession to police officers. This claim fails because Martin cannot demonstrate that Henegen's failure to present psychiatric evidence in support of the motion to suppress prejudiced the defense. Id. at 687. The presence of a mental illness or impairment is not alone sufficient to find that a waiver was not voluntary, knowing and intelligent. In addition, all objective signs observed by the detectives indicated that Martin was lucid, coherent and cooperative during the course of the interrogation. Martin has not established that even with psychiatric evidence, his statements to the police would have necessarily been suppressed, nor has he demonstrated that it was objectively unreasonable for the state court to reach this conclusion.

Martin next asserts that he was prejudiced by Henegen's failure to provide expert testimony at trial regarding how Martin's mental illness would have affected the reliability of his statements to the police. As the Washington State Supreme Court reasoned, Martin mistakenly believes that it would have been sufficient for an expert to opine that Martin suffered from schizophrenia and psychotic delusions. Given the testimony of Martin's stepfather and the two eyewitnesses to the murder, it is not reasonably probable that the jury would have reached a

4

different outcome if Martin's confession had been shown to be unreliable. Martin has not demonstrated that his counsel's failure to present psychiatric evidence to undermine the reliability of Martin's confession constituted ineffective assistance of counsel.

Finally, Martin argues that the district court erred in finding that an evidentiary hearing and expansion of the record were barred under 28 U.S.C. § 2254(e). The Supreme Court reiterated in Pinholster that § 2254(e)(2) imposes a limitation on the discretion of federal district courts to take new evidence in an evidentiary hearing. 131 S. Ct. at 1400-01. An evidentiary hearing is not required on issues that can be resolved by reference to the state court record. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

Martin moved to expand the record to include a declaration from a psychiatrist and the expert opinion of an attorney. Martin cannot establish that he diligently sought to develop the factual basis for his claim, and § 2254 thus precludes an evidentiary hearing or expansion of the record. See Williams v. Taylor, 529 U.S. 420, 435 (2000).

Martin also seeks to expand the record to include his prison treatment records from Kitsap County Jail. The information in the medical records is not sufficient to meet the clear and convincing standard imposed by the AEDPA. 28

5

U.S.C. § 2254(e)(2). The district court did not err in concluding that Martin failed to meet his burden and that an evidentiary hearing was not required.

**AFFIRMED.**