UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LON MARTIN,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>KENNETH QUINN,<br><br>    Respondent - Appellee. | No. 10-35974<br><br>D.C. No. 3:08-cv-05344-RJB<br>Western District of Washington,<br>Tacoma<br><br>ORDER |

Before: McKEOWN and TALLMAN, Circuit Judges, and MOSKOWITZ, District Judge.[*]

The Memorandum filed on December 30, 2011, is amended, and an Amended Memorandum, filed concurrently with this Order, is filed in its place. With these amendments, the panel has voted to deny the petition for panel rehearing. Judge McKeown and Judge Tallman vote to deny the petition for rehearing en banc and Judge Moskowitz so recommends.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

---

   [*] The Honorable Barry T. Moskowitz, District Judge for the Southern District of California, sitting by designation.

The petition for panel rehearing and the petition for rehearing en banc are DENIED. No further petition for rehearing and/or petition for rehearing en banc shall be entertained.

FILED

NOT FOR PUBLICATION

MAR 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LON MARTIN,

                    Petitioner - Appellant,

    v.

KENNETH QUINN,

                    Respondent - Appellee.

No. 10-35974

D.C. No. 3:08-cv-05344-RJB

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 7, 2011
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges, and MOSKOWITZ, District
Judge.[**]

Lon Martin appeals the district court's denial of his 28 U.S.C. § 2254 habeas

corpus petition challenging his jury conviction and 398-month sentence for first-

degree murder. Martin challenges the district court's denial and also argues that

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]   The Honorable Barry T. Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

the district court erred by failing to grant his request to expand the record and for an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of Martin's petition for habeas corpus and review findings of fact for clear error. Brown v. Ornoski, 503 F.3d 1006, 1010 (9th Cir. 2007). Because Martin filed his federal habeas petition after 1996, the AEDPA governs his action. Id.; see also 28 U.S.C. § 2254(d). Our analysis under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

Martin argues that his Fourteenth Amendment right to due process of law was denied when the trial court failed, on its own initiative, to order a competency hearing. Nothing in the record before the state trial court would have given that court reason to doubt Martin's competency. Notably, neither government counsel nor Martin's counsel perceived a reasonable cause to believe that Martin was incompetent. United States v. Lewis, 991 F.2d 524, 528 (9th Cir. 1993). Consequently, the state appellate court's ruling was not contrary to or an unreasonable application of clearly established federal law, nor did it constitute an unreasonable determination of the facts in light of the record.

2

Martin claims that his trial counsel, Michael Henegen, rendered ineffective assistance by failing to: (1) investigate Martin's mental illness and (2) request a competency evaluation at various points before and during trial. Of these claims, it is unclear whether Martin fully exhausted the claim that Henegen failed to investigate Martin's mental health. Nevertheless, the state court noted that Martin claimed "that Henegen should have investigated his competence to participate in trial," and the court rejected the claim because Henegen did in fact investigate Martin's mental health. Even if we conclude based on these statements that this claim is properly exhausted, Martin loses on the merits. Henegen conducted a reasonable investigation of Martin's mental history and properly concluded that no additional investigation was necessary. In fact, in his state post-conviction petition for review, Martin stated that "[d]efense counsel had sufficient information regarding [Martin's] mental health difficulties to seek an evaluation."

We do not reach any of Martin's remaining "failure to investigate" claims. Because Martin did not raise these claims in the state court and there is no way to construe the claims he did raise as including a "failure to investigate" argument, they are procedurally barred by Washington's prohibition against the filing of successive collateral attacks. See Wash. Rev. Code § 10.73.140. We consider only

3

the portions of his remaining claims that relate to his trial counsel's failure to request a competency evaluation.

Martin argues that Henegen rendered ineffective assistance by failing to request a competency evaluation. Henegen hired an investigator to help with all aspects of the case (including investigating Martin's mental health), obtained Martin's psychiatric reports, had several discussions with Martin regarding his mental health, and had discussions with Martin's family regarding Martin's mental health. After this investigation, Henegan did not have a bona fide doubt as to Martin's competency. Under the standard set forth in Strickland v. Washington, 466 U.S. 668, 691 (1984), defense counsel is empowered to make strategic decisions, including decisions regarding how to fulfill the duty to conduct an investigation of a client's mental health. It was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts for the state appellate court to conclude that, while it might have been prudent for Henegen to request a competency evaluation, he did not render ineffective assistance by failing to do so when he had no reasonable cause to believe that Martin was incompetent.

Martin also claims that Henegen rendered ineffective assistance by failing to adequately present expert mental health testimony at the pretrial hearings regarding

4

the admissibility of Martin's confession to police officers. This claim fails because Martin cannot demonstrate that Henegen's failure to present psychiatric evidence in support of the motion to suppress prejudiced the defense. Id. at 687. The presence of a mental illness or impairment is not alone sufficient to find that a waiver was not voluntary, knowing and intelligent. In addition, all objective signs observed by the detectives indicated that Martin was lucid, coherent and cooperative during the course of the interrogation. Martin has not established that even with psychiatric evidence, his statements to the police would have necessarily been suppressed, nor has he demonstrated that it was objectively unreasonable for the state court to reach this conclusion.

Martin next asserts that he was prejudiced by Henegen's failure to provide expert testimony at trial regarding how Martin's mental illness would have affected the reliability of his statements to the police. As the Washington State Supreme Court reasoned, Martin mistakenly believes that it would have been sufficient for an expert to opine that Martin suffered from schizophrenia and psychotic delusions. Given the testimony of Martin's stepfather and the two eyewitnesses to the murder, it is not reasonably probable that the jury would have reached a different outcome if Martin's confession had been shown to be unreliable. Martin has not demonstrated that his counsel's failure to present psychiatric evidence to

5

undermine the reliability of Martin's confession constituted ineffective assistance of counsel.

Finally, Martin argues that the district court erred in finding that an evidentiary hearing and expansion of the record were barred under 28 U.S.C. § 2254(e). The Supreme Court reiterated in Pinholster that § 2254(e)(2) imposes a limitation on the discretion of federal district courts to take new evidence in an evidentiary hearing. 131 S. Ct. at 1400-01. An evidentiary hearing is not required on issues that can be resolved by reference to the state court record. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

Martin moved to expand the record to include a declaration from a psychiatrist and the expert opinion of an attorney. Martin cannot establish that he diligently sought to develop the factual basis for his claim, and § 2254 thus precludes an evidentiary hearing or expansion of the record. See Williams v. Taylor, 529 U.S. 420, 435 (2000).

Martin also seeks to expand the record to include his prison treatment records from Kitsap County Jail. The information in the medical records is not sufficient to meet the clear and convincing standard imposed by the AEDPA. 28 U.S.C. § 2254(e)(2). The district court did not err in concluding that Martin failed to meet his burden and that an evidentiary hearing was not required.

6

**AFFIRMED.**