**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ROBERT LEE WILLIAMS,<br><br>Defendant - Appellant. | No. 12-50543<br><br>D.C. No. 3:11-cr-03529-1 BEN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Robert T. Benitez, District Judge, Presiding

Argued and Submitted February 6, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District Judge.[**]

Robert Lee Williams appeals his convictions and sentence for receipt of and

possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and

(a)(4)(B). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

The district court did not err in conducting an abbreviated colloquy pursuant to Faretta v. California, 422 U.S. 806 (1975), in May 2012 because the record as a whole reveals that appellant's waiver of counsel was knowing and intelligent. See United States v. Erskine, 355 F.3d 1161, 1168 (9th Cir. 2004); United States v. Balough, 820 F.2d 1485, 1488 (9th Cir. 1987). Appellant had been warned numerous times of the dangers of representing himself, and he acknowledged that the district court had already conducted a lengthy Faretta colloquy in September 2011. Based on this, it is clear that appellant was "aware of the dangers and disadvantages of self-representation," and that "he kn[ew] what he [wa]s doing and his choice [wa]s made with eyes open." United States v. Aponte, 591 F.2d 1247, 1249 (9th Cir. 1978) (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)).

We reject appellant's argument that the district court was required to hold a full competency hearing and appoint counsel. Before a court can *sua sponte* order a competency hearing under 18 U.S.C. § 4241(a), the court must find that there is "substantial evidence of incompetence." United States v. Fernandez, 388 F.3d 1199, 1251 (9th Cir. 2004). Here, the record indicates that substantial evidence of incompetence was lacking, and a psychiatric report found appellant competent.

See id.; United States v. Lewis, 991 F.2d 524, 527 (9th Cir. 1993).[1]  Moreover, the psychiatric report, which noted that appellant had an average to high average intellectual range, that he understood the criminal charges against him and the related court proceedings, and that he could explain his rationale for representing himself, provided enough information for the district court to assess appellant's competency in accordance with Indiana v. Edwards, 554 U.S. 164 (2008).

Finally, the district court did not err in failing to suppress appellant's answers in the Confidential Pre-Investigative Questionnaire because appellant had no legitimate expectation of privacy in answers that he voluntarily gave in the questionnaire.  See United States v. Miller, 425 U.S. 435, 441-43 (1976) (in order for defendant to have a legitimate expectation of privacy, documents must be "private papers").

**AFFIRMED.**

---

[1] Because the district court did not err in failing to hold a competency hearing, we reject appellant's argument that the district court should have appointed counsel after it expressed concerns about appellant's competency.  Appellant cites to no case law or statute that would require the district court to appoint an attorney when a competency hearing is not held.