**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MACK A. WEST, Jr., | No. 16-16795 |
| Petitioner-Appellant, | D.C. No. 2:09-cv-03147-JKS |
| v. | |
| RANDY GROUNDS, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

Before: LUCERO,** RAWLINSON, and OWENS, Circuit Judges.

Mack A. West, Jr., a California state prisoner, appeals the district

court's denial of his 28 U.S.C. § 2254 habeas corpus petition. He contends

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The Honorable Carlos F. Lucero, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

1

that his due process rights were violated when the trial court declined to conduct a fourth competency hearing after his mental health deteriorated and he attempted suicide. Exercising jurisdiction under 28 U.S.C. § 2253, we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is available only if a state court's decision "(1) was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Torres v. Prunty, 223 F.3d 1103, 1107 (9th Cir. 2000) (quoting § 2254(d)(1)-(2)). A state trial court's determination that a competency hearing is not required is a finding of fact entitled to deference unless it is objectively unreasonable. Id. at 1105.

A defendant has the right under the Due Process Clause of the Fourteenth Amendment to not be tried or convicted while he is incompetent to stand trial. Pate v. Robinson, 383 U.S. 375, 378, 385 (1966). A competent defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a

2

rational as well as factual understanding of the proceedings against him."
Dusky v. United States, 362 U.S. 402, 402 (1960).

A trial judge must conduct a competency hearing sua sponte "[o]nly when 'the evidence raises a bona fide doubt' about the defendant's competence to stand trial." Davis v. Woodford, 384 F.3d 628, 644 (9th Cir. 2004) (quoting Pate, 383 U.S. at 385). A bona fide doubt is raised when "a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." de Kaplany v. Enomoto, 540 F.2d 975, 983 (9th Cir. 1976) (en banc). The standard is one of substantial evidence. See Cacoperdo v. Demosthenes, 37 F.3d 504, 510 (9th Cir. 1994) ("A good faith doubt about a defendant's competence arises if there is substantial evidence of incompetence." (quoting United States v. Lewis, 991 F.2d 524, 527 (9th Cir. 1993))).

There is no "general standard with respect to the nature or quantum of evidence necessary" to trigger a competency hearing. Drope v. Missouri, 420 U.S. 162, 172 (1975). Rather, the assessment is one in which "the trial judge must evaluate all the evidence and evaluate the probative value of each piece of evidence in light of the others." Chavez v. United States, 656

3

F.2d 512, 518 (9th Cir. 1981). "'[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required,' and 'one of these factors standing alone may, in some circumstances, be sufficient.'" Maxwell v. Roe, 606 F.3d 561, 568 (9th Cir. 2010) (quoting Drope, 420 U.S. at 180). Although a suicide attempt can give rise to a bona fide doubt as to competence, it does not necessarily do so. See United States v. Loyola-Dominguez, 125 F.3d 1315, 1318-19 (9th Cir. 1997) (recognizing that not "every suicide attempt inevitably creates a doubt concerning the defendant's competency").

We hold that the trial court's denial of a fourth competency hearing did not rest on a clearly unreasonable analysis of the facts in light of the evidence. West was evaluated dozens of times, by at least four psychologists, over the course of more than five years. Multiple evaluators documented strong suspicions that he was exaggerating his symptoms to delay trial. Based on the contents of his prior medical evaluations, a reasonable judge could have concluded that West was feigning incompetence to delay the proceedings.

4

It is certainly true that the suicide attempts that occurred shortly before West's request for a fourth competency hearing were appropriate to consider in determining whether an additional competency hearing was required. Maxwell, 606 F.3d at 571. The trial court judge did consider the attempts in his analysis. Suicide attempts do not, however, necessitate a bona fide doubt as to competence, and given the medical history in the record and West's behavior at trial, it was not clearly unreasonable for the trial court judge to find no such doubt in this case.

**AFFIRMED**.