**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30115 |
| Plaintiff-Appellee, | DC No. CR 12-0035 EJL |
| v. | |
| ENRICO M. PONZO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted April 12, 2018
Seattle, Washington

Before:    TASHIMA and GRABER, Circuit Judges, and MIHM,[**] District
Judge.

Defendant-Appellant Enrico Ponzo appeals the sentence he received after

pleading guilty to unlawful possession of firearms under 18 U.S.C. § 922(g)(1).

Ponzo, a member of the Patriarca Family of La Cosa Nostra, fled Massachusetts in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Michael M. Mihm, United States District Judge for the
Central District of Illinois, sitting by designation.

the 1990s after being charged with a host of federal crimes. *See generally United States v. Ponzo*, 853 F.3d 558 (1st Cir. 2017), *cert. denied*, 138 S. Ct. 980 (2018). Ponzo was eventually found in 2011 living under the alias "Jay Shaw" in Idaho, and this case involves the charges he faced for firearms and other materials found on his Idaho property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in denying Ponzo's request for funds for a mental examination. "A district court . . . abuses its discretion in denying an expert 'where (1) reasonably competent counsel would have required the assistance of the requested expert for a paying client, and (2) the defendant was prejudiced by the lack of expert assistance.'" *United States v. Pete*, 819 F.3d 1121, 1130 (9th Cir. 2016) (quoting *United States v. Rodriguez-Lara*, 421 F.3d 932, 940 (9th Cir. 2005)). Ponzo failed to demonstrate either necessity or prejudice, particularly in light of his own contradictory statements regarding why he possessed so many firearms. At best any prejudice is speculative, which is insufficient to show an abuse of discretion. *See United States v. Chase*, 499 F.3d 1061, 1068 (9th Cir. 2007) ("The prejudice . . . must be demonstrated by clear and convincing evidence.").

**2.** The district court did not abuse its discretion when it declined to hold an evidentiary hearing, did not continue Ponzo's sentencing, and did not permit Ponzo to subpoena a deputy from the Ada County Jail. The district court afforded Ponzo a reasonable opportunity to present evidence about his conduct in jail. *See United States v. Laurienti*, 731 F.3d 967, 971–72 (9th Cir. 2013). The district court limited Ponzo's statements only when he began to discuss his civil claims against the jail. Ponzo failed to carry his burden of showing the necessity of the deputy's testimony, particularly because he was able to provide his version of the relevant events in his sentencing papers and during sentencing. Fed. R. Crim. P. 17(b); *see also United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991). At sentencing, Ponzo also claimed to have other evidence related to these incidents, but never provided it to the court nor asked for a continuance to provide it, and never mentioned the subpoena request. *See United States v. Lewis*, 991 F.2d 524, 528–29 (9th Cir. 1993) (explaining that the defendant must show denial of continuance "prejudiced his defense" and "establish the substance of the witness testimony he could have obtained with more time"). There was thus no error in relying on information about Ponzo's conduct in the jail.

**3.** The district court did not err in denying Ponzo an offense level reduction, applicable when the defendant "possessed *all* ammunition and firearms

3

*solely* for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." U.S.S.G. § 2K2.1(b)(2) (emphasis added). Even if the district court erred in interpreting this reduction, Ponzo failed to challenge on appeal the enhancement that the court imposed, applicable when the defendant "used or possessed *any* firearm or ammunition in connection with another felony offense." *Id.* § 2K2.1(b)(6)(B) (emphasis added). The record supports the district court's finding that Ponzo possessed at least one of the 33 firearms in connection with his flight from prosecution and ongoing efforts to evade detection, as evidenced by Ponzo's own admissions that he initially fled Massachusetts fearing for his life and the fact that the firearms were found nearly two decades later on his property in Idaho with false identification materials. In light of this finding, Ponzo was ineligible for the reduction. *See United States v. Ellis*, 241 F.3d 1096, 1099, 1101 (9th Cir. 2001).

**4.** Even reviewing de novo, *see United States v. Plascencia-Orozco*, 852 F.3d 910, 916 (9th Cir.), *cert. denied*, 138 S. Ct. 412 (2017), we agree that the government did not breach the plea agreement. The government agreed to "recommend a sentence within the guidelines" and the guidelines here recommended that Ponzo's sentence run concurrently with his Massachusetts sentence; however, the plea agreement also stated that both parties were "free to

4

recommend that the sentence run concurrently, partially concurrently, or consecutively to" Ponzo's Massachusetts sentence. The government's argument in favor of a consecutive sentence was thus explicitly permitted by the plea agreement.

**5.** The district court's 46-month, partially consecutive sentence was both procedurally and substantively reasonable. "A sentencing judge must explain a sentence sufficiently to communicate 'that a reasoned decision has been made' and 'permit meaningful appellate review.'" *United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)). We are satisfied the district court did so here.

In fashioning a sentence that took account of the relevant factors under 18 U.S.C. § 3553(a), the district court acknowledged Ponzo's recent positive conduct in Idaho, but also noted his La Cosa Nostra affiliation, his negative conduct in jail, and the fact that his prior criminal history did not deter him from continuing to engage in criminal activity in his new life as "Jay Shaw." Although imposing a partially consecutive sentence constituted an upward variance, this court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court's rationale for requiring Ponzo to serve some of his

Idaho sentence consecutive to his sentence in Massachusetts was sufficiently articulated, and finds support in the totality of the circumstances. *See Carty*, 520 F.3d at 992–93. Because we are not left with the definite and firm conviction that the district court committed a clear error of judgment, we conclude that the sentence is reasonable. *See United States v. Ressam*, 679 F.3d 1069, 1086–87 (9th Cir. 2012) (en banc).

**AFFIRMED**.